| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Joseph H. Low IV (SBN: 194897)<br>THE LAW FIRM OF JOSEPH H. LOW IV<br>100 Oceangate, 12th Floor<br>Long Beach, CA 90802<br>Telephone: (562) 901-0840<br>Facsimile:   (562) 901-0841<br>joseph@jhllaw.com<br>`<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**NOV 16 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*LOS ANGELES* DIVISION**

| In re:<br><br>Christopher W. Chung<br>Jee S. Chung<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-19681-RK<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 10/18/2016<br>TIME: 10:30 am<br>COURTROOM: 1675<br>PLACE: 255 East Temple St.<br>        Los Angeles, CA 90012 |

**MOVANT:** Roberto Alcaraz & Leticia Alcaraz

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: Alcaraz v Chung, et al

   Docket number: BC578011

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

   Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse
   111 N. Hill St.
   Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                      Page 1                                                      F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*:

    This court's revised tentative ruling as of October 17, 2016, attached as Exhibit "A" to this order, is hereby adopted as the court's final ruling.

###

Date: November 16, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                    Page 2                                         F 4001-1.RFS.NONBK.ORDER

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

**Tuesday, October 18, 2016**                                                                 **Hearing Room**    **1675**

<u>10:30 AM</u>
**2:16-19681**    **Christopher W. Chung and Jee S. Chung**                                              **Chapter 7**

   **#1.00**    Hearing re: Motion for relief from stay
             (Roberto Alcaraz & Leticia Alcaraz VS Debtors)

                                Docket     14

**Tentative Ruling:**

Revised tentative ruling as of 10/17/16.  Grant motion for stay relief under 11 U.S.C. 362(d)(1) for cause to allow movant to proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the debtors or property of their bankruptcy estate.  In this regard, the court notes that "[s]tay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim."  In re Robbins, 310 B.R. 626, 631 (9th Cir. BAP 2004) (citation omitted).  Thus, the court does not determine the merits of any claims or defenses of the parties in the litigation in the nonbankruptcy forum, such as, whether movants' claim exceeds the policy limits of debtors' automobile insurance, or whether movant may proceed against debtors' insurer for bad faith refusal to settle.  Thus, the court should not set any cap through stay relief litigation on the ability of movants to liquidate a claim against debtors, nor will the court issue any declaratory relief that the policy is "open" to allow movants to proceed against the insurer directly in excess of the policy limits based on any alleged bad faith breach of a duty to settle.  The court notes that movants as potential judgment creditors of debtors may be third party beneficiaries of the insurance policy, but any recovery would be limited to the policy limits based on applicable California Supreme Court authority as argued by the insurer.  Murphy v. Allstate Insurance Co., 17 Cal.3d 937, 943-944 (1976), citing inter alia, California Insurance Code 11580 (b)(2); see also, Croskey, Heeseman, Ehrlich and Klee, California Practice Guide: Insurance Litigation, paragraph 14:1041 (online ed., August 2016 update).  Aside from only determining whether or not movants have a "colorable claim" to enforce a right as to the debtors, in any event, the court cannot grant stay relief to movants to allow them to sue the insurer directly because any cause of action that the debtors may have against the insurer

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Tuesday, October 18, 2016**                                                                                    **Hearing Room    1675**

---

**10:30 AM**
**CONT...**      **Christopher W. Chung and Jee S. Chung**                                                                **Chapter 7**

would be property of the bankruptcy estate.   Purdy v. Pacific Automobile Insurance Co., 157 Cal.App.3d 59, 72-73 (1984), cited in, Croskey, Heeseman, Ehrlich and Klee, California Practice Guide: Insurance Litigation, paragraphs 15:1201 - 15:1203 ("The debtor insured's bad faith claim against the insurer for unreasonable refusal to settle a third party action becomes part of the bankruptcy estate.").

Appearances are required on 10/18/16, but counsel may appear by telephone.

|  Party Information  |
| :---: |

**Debtor(s):**

| | |
|---|---|
| Christopher W. Chung | Represented By<br>Jaenam J Coe |

**Joint Debtor(s):**

| | |
|---|---|
| Jee S. Chung | Represented By<br>Jaenam J Coe |

**Movant(s):**

| | |
|---|---|
| Roberto  Alcaraz | Represented By<br>Joseph H Low |
| Leticia  Alcaraz | Represented By<br>Joseph H Low |

**Trustee(s):**

| | |
|---|---|
| Edward M Wolkowitz (TR) | Pro Se |